IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:23-cr-16(1) |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| KIM VU | : | |
| Defendant. | : | |

## ORDER AND OPINION

This matter is before the Court on Defendant Kim Vu's Motion for Reduction of Sentence (Doc. 72). The Government filed a Response in Opposition (Doc. 73), to which Defendant did not file a Reply in Support. Thus, this matter is ripe for the Court's review.

Subject to a few exceptions, district courts "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021) ("Sentence modifications are the exception, not the rule."). Courts may modify a sentence if "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). If a defendant meets this first step, courts must then consider the factors set forth in 18 U.S.C. § 3553(a) and whether such a reduction would be consistent with any applicable policy statements. *Id*; *see also United States v. Ashrafkhan*, 129 F.4th 980, 983 (6th Cir. 2025) (discussing this two-step process).

Defendant contends that she qualifies for a downward adjustment as a zero-point offender. (Motion, Doc. 72, Pg. ID 545.) This potential adjustment was considered by the Court at sentencing, so—as the Government points out—this matter does not involve a "sentencing range that has *subsequently* been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added); *United States v. Kelly*, 350 F. App'x 34, 35 (6th Cir. 2009); *United States v. Webb*, 760 F.3d 513, 518-20 (6th Cir. 2014); (Response, Doc. 73, Pg. ID 556). In any event, the Court is unpersuaded by the merits of Defendant's argument.

To be eligible for the zero-point offender reduction, the Court must determine—among other things—that "the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense." U.S.S.G. § 4C1.1(a)(7). A "dangerous weapon" in this context includes "an instrument capable of inflicting death or serious bodily injury." U.S.S.G. § 4C1.1(b)(1); U.S.S.G. § 1B1.1, Application Note 1(E). As the Court determined over Defendant's objection at sentencing, Defendant is ineligible for the downward adjustment because she possessed, received, purchased, transported, transferred, or otherwise disposed of a dangerous weapon—namely, the incendiary device involved in the offense. (*See* Presentence Investigation Report, Doc. 53, Pg. ID 276.) Additionally, the 18 U.S.C. § 3553(a) factors, including the seriousness of this dangerous offense, counsel against the requested relief. *See* 18 U.S.C. § 3582(c)(2).

For these reasons, Defendant's Motion for Reduction of Sentence (Doc. 72) is **DENIED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____

JUDGE MATTHEW W. McFARLAND